**Jose Hernandez JASSO, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 15–71038**

United States Court of Appeals, Ninth Circuit.

Submitted September 13, 2016 [*]

Filed September 19, 2016

Nicholas W. Marchi, Carney & Marchi, PS, Seattle, WA.

Lindsay Corliss, OIL, Washington, DC, Chief Counsel ICE, San Francisco, CA.

Before: HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

MEMORANDUM [**]

Jose Hernandez Jasso, a native and citizen of Mexico, petitions for review of the immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a) that he did not have a reasonable fear of persecution or torture and thus is not entitled to relief from his reinstated removal order. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Andrade–Garcia*

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

*v. Lynch*, 828 F.3d 829, 833–34 (9th Cir. 2016), and we deny the petition for review.

Substantial evidence supports the IJ's conclusion that Hernandez Jasso failed to establish a reasonable possibility of persecution on account of a protected ground, *see* 8 C.F.R. § 1208.31(c), because the evidence demonstrates the criminals targeted Hernandez Jasso for money and he fears future targeting by unknown criminals, which does not support a finding for persecution on account of a protected ground, *see Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). We reject Hernandez Jasso's contention that the IJ applied an incorrect legal standard.

Substantial evidence also supports the IJ's determination that Hernandez Jasso failed to establish a reasonable possibility that he would be tortured by the government of Mexico or with its consent or acquiescence. *See* 8 C.F.R. § 1208.31(c); *Garcia–Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2013).

**PETITION FOR REVIEW DENIED.**